DISTRICT OF NEW JERSEY
Newark Vicinage

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Ralph A. Ferro, Jr., Esq. (RF-2229)
Law Offices
66 East Main Street, 3rd Floor
Little Falls, NJ  07424
(973) 200-0098
Withdrawing Attorney for the Debtor

| | |
|---|---|
| In Re: | Case No.: 14-29186-VFP |
| Yasmin A. Best | |
| | Chapter: 13 |
| | Judge: Vincent F. Papalia |
| Debtor | |
| | Hearing Date: 9/15/2016 11:00 a.m. |

## Supplemental Certification of Ralph A. Ferro, Jr., Esq. in Support of Fee Application #5 and Response to Debtor's Objection to Same

I, Ralph A. Ferro, Jr., Esq., being of full age does hereby certify the following:

1. I am making this Supplemental Certification in Support of my Fee Application dated August 2, 2016 and in response to the Debtor's one page objection, with no details, filed by Debtor as **ECF #120** dated August 26, 2016.

2. I am also making this certification to provide the Court additional relevant facts and details pertaining to this matter.

1

3. The Debtor is no stranger to filing for Bankruptcy; she has filed nine (9) previous bankruptcies in addition to the present case which is now her tenth (10).

4. The period covering the Debtor's bankruptcies is from May 1984 to September 2014.

5. Of these prior bankruptcies, three (3) were Chapter 7's and seven (7) were Chapter 13's.

6. The Debtor was pro se in four (4) of the cases; 1984 case is unclear since the records do not go back to 1984.

7. Seven (7) of her prior bankruptcies were dismissed without a discharge.

8. The Debtor is fully familiar with the dates when Trustee payments are due.

9. Although the Debtor is familiar with the requirements imposed upon her when filing for a Chapter 13 bankruptcy, both the Court and I have continually reminded her when she is late or the deadline is approaching

10. As a courtesy, I would check to be sure the Debtor was current on a regular basis.

11. This Fee Application covers the period of Mach 11, 2016 to August 2, 2016 (approximately 5 months) and total $2,382.50 in legal fees and $33.36 out of pocket costs.

12. All the legal work is related to the lack of Trustee payments by the Debtor.

13. The legal work includes but is not limited to: (1) advising that the client is behind in her Trustee payments (2) responding to the Trustee's Motion to Dismiss; (3) preparing and filing opposition to the Trustee's Motion to Dismiss, (4) negotiating with the Trustee for payment plans of arrearages to avoid of dismissal of the Debtor's case (5) responding to Certification of Default of Trustee (6) preparing Certification in

   Opposition to Trustee's Certification of Default (7) appearing in Court for the Dismissal Hearing and (8) responding and communicating with the Debtor on what was needed to prevent dismissal.

14. All of the above services were performed at the express consent and direction of the Debtor.

15. The Debtor did not want her case to be dismissed.

16. Additionally, I had an ethical duty to defend the Debtor in these motions.

17. The Debtor's pattern has been that she typically falls behind in three months or more of Trustee payments, then only after a Motion is filed, does she bring her payments current.

18. I have explained over and over that, if the Debtor had made timely Trustee payments, the legal fees would either be significantly reduced or eliminated during this time period.

19. I have detailed in Exhibit B of my Fee Application all the extra specific tasks, times and work that I have done in this case.

20. The remainder of the time was devoted to a last ditch attempt to keep her home.

21. If the Court recalls, the Debtor requested and came to Court with me and addressed the Court during arguments of the Stay Relief Motion by the Secured Creditor of her home.

22. After instructing me to take certain positions and instructing me to prevent her case from being dismissed, she now comes to the Court to object to my fees that were incurred at the Debtor's request.

23. This bald, general objection with no details whatsoever has no merit.

3

24. It should be noted that the Debtor is no longer paying a mortgage, a rental expense or car payment and thus has the means to make her Trustee payments of $1,000.00 per month.

25. I wish to bring to the Court's attention that I am Board Certified in Consumer Bankruptcy Law by the American Board of Certification.

26. I am one of only eight attorneys in the entire State of New Jersey that is certified in Consumer Bankruptcy.

27. Accordingly, my fees are very reasonable as is the amount of time I spent on this case.

28. These extra legal fees are reasonable, justified and in accordance with my retainer agreement attached as Exhibit A in my original Certification.

29. As of result of my efforts, I have conferred benefit to the Debtor by preventing her case from being dismissed.

30. The Debtor simply has to make timely Trustee payments at this point.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: August 30, 2016              /s/Ralph A. Ferro, Jr., Esq.
                                   Ralph A. Ferro, Jr., Esq.
                                   Withdrawing Attorney